2000). *United States v. Herrera–Blanco*, 232 F.3d 715, 719 (9th Cir.2000).

## DISMISSED.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jimmie Ray DERINGTON,**
**Defendant–Appellant.**

No. 99–10407, 99–10410.

D.C. No. CR–97–05011–AWI.

D.C. Misc. No. 99–00033–AWI.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 2001.*

Decided Aug. 23, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

3206 and Federal Rule of Civil Procedure 69, to aid in collection of an order of restitution imposed as part of Derington's criminal sentence for theft and depredation of government property. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Derington contends the district court abused its discretion in executing the writ by failing to follow the procedures set forth in 18 U.S.C. § 985, entitled *Civil forfeiture of real property.* Derington's property was not civilly forfeited, rather he was ordered to pay restitution as part of his criminal sentence. Accordingly, section 985 is inapplicable and this argument is without merit.

Derington's remaining contentions, raised for the first time on appeal, challenge the validity of the restitution order imposed as part of his criminal judgment. *See Bolker v. Commissioner of Internal Revenue,* 760 F.2d 1039, 1042 (9th Cir. 1985) ("As a general rule, this Court will not consider an issue raised for the first time on appeal."). Derington failed to challenge the restitution order in his direct criminal appeal and we decline to address such claims here.

**AFFIRMED.**

Before HAWKINS, TASHIMA and GOULD, Circuit Judges.

### MEMORANDUM **

Jimmie Ray Derington appeals pro se the district court's issuance of a writ of execution obtained by the United States pursuant to the Federal Debt Collection Procedure Act of 1990, 28 U.S.C. §§ 3201–

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.